UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ELKE NICOLE ELLSWORTH,

Plaintiff,

v.

WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, *et al.*,

Defendant.

Case No. C24-1238RSL

ORDER GRANTING MOTION TO DISMISS

This matter comes before the Court on defendants' motion to dismiss (Dkt. 29); plaintiff's *pro se* response (Dkt. 32); and defendants' reply (Dkt. 33). Having reviewed the motions and the record herein, the Court GRANTS the motion to dismiss as explained below.

## I. Background

Plaintiff's First Amended Complaint ("FAC") (Dkt. 25) names as defendants the State of Washington Department of Social and Health Services ("DSHS"); Wendy Long, the senior director of a human resources division within the agency; and Donald Clintsman, the former acting secretary for DSHS. Dkt. 25 at 2. It alleges that by terminating plaintiff from DSHS for failure to obtain a COIVD-19 vaccine, defendants violated the First and Fourteenth

Amendments of the United States Constitution, Title VII of the Civil Rights Act of 1964, and the Washington Law Against Discrimination ("WLAD"). Dkt. 25 at 2, 7, 11–16.

Defendants have filed a motion to dismiss arguing that plaintiff's Title VII claim is time-barred; plaintiff's constitutional claims against individual defendants are barred by qualified immunity; and, in addition, plaintiff's claims fail as a matter of law. Dkt. 29. Defendants ask the Court to dismiss plaintiff's claims with prejudice. *Id.*

**II. Discussion**

**A. Pleading Standard Under Fed. R. Civ. P. 12(b)(6)**

The question for the Court on a motion to dismiss is whether the facts alleged in the complaint sufficiently state a "plausible" ground for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In the context of a motion under Rule 12(b)(6), the Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted). The Court's review is generally limited to the contents of the complaint. *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996). "We are not, however, required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

> To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." []*Twombly*, 550 U.S. [at 570]. A plausible claim includes "factual content that allows the court

> to draw the reasonable inference that the defendant is liable for the misconduct alleged." *U.S. v. Corinthian Colls*., 655 F.3d 984, 991 (9th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Under the pleading standards of Rule 8(a)(2), a party must make a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). . . . A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Thus, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

*Benavidez v. Cty. of San Diego*, 993 F.3d 1134, 1144–45 (9th Cir. 2021). In addition, the factual allegations in a complaint "must be enough to rise above the speculative level." *Twombly*, 550 U.S. 544 at 555 (2007). Finally, dismissal under Rule 12(b)(6) is proper "only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

**B. Claim One: Violation of Title VII of the Civil Rights Act of 1964**

This claim is time-barred. As plaintiff's FAC alleges, she filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging violations of Title VII of the Civil Rights Act of 1964. Dkt. 25 at ¶ 4.2. Plaintiff further alleges that she obtained a "Right to Sue" notice from the EEOC on April 20, 2022. *Id*. Under 42 U.S.C. § 2000(e)(1), a plaintiff has 90 days to file a suit after receiving a "Right to Sue" notice. *See also Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1121 (9th Cir. 2007) ("If a litigant does not file suit within ninety days '[of] the date EEOC dismisses a claim,' then the action is time-barred.") (citing *Scholar v. Pac. Bell*, 963 F.2d 264, 266-67 (9th Cir. 1992)). Plaintiff filed this

lawsuit on Aug. 13, 2024, more than two years after she alleges receiving a "Right to Sue" notice from the EEOC. Dkt. 1.

Plaintiff acknowledges this sequence of events but argues that the doctrine of equitable tolling should apply in this circumstance because "similar claims" were being dismissed with prejudice in 2022 and she was thus "deterred" from timely filing suit. Dkt. 32 at 3. Plaintiff also argues that in 2022 she lacked "necessary facts" that "could not reasonably have been discovered through due diligence" and that the legal landscape has since shifted in her favor. *Id*. at 2, 4. Plaintiff does not describe the "necessary facts" she was lacking in 2022 or why she could not have obtained those facts through normal discovery procedures in the context of a timely-filed lawsuit. *Id*. Plaintiff's allegation that the law has shifted in her favor since 2022 is not supported or warranted by the cases she cites for the proposition. *Id*. *See also* Dkt. 33 at 6:13–18. That leaves the Court with plaintiff's claim that she was "deterred" from timely filing suit by the perception that her claim would not succeed. Dkt. 32 at 3. That is insufficient to establish that plaintiff exercised adequate diligence in preserving her legal rights and that her case is one of those "extreme cases" warranting application of the doctrine of equitable tolling. *Scholar*, 963 F.2d at 267-68 (9th Cir. 1992). Therefore, plaintiff's Title VII claim will be dismissed as time-barred.

**C. Claim Two: Violation of the Fourteenth Amendment**

Plaintiff claims defendants' actions "violated the Equal Protection Clause of the Fourteenth Amendment" and "violated the Due Process Clause of the Fourteenth Amendment." Dkt. 25 at ¶¶ 7.6–7.19.

**1. Equal Protection**

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). Thus, "[t]o state an equal protection claim of any stripe, whatever the level of scrutiny it invites, a plaintiff must show that the defendant treated the plaintiff differently from similarly situated individuals." *Pimentel v. Dreyfus*, 670 F.3d 1096, 1106 (9th Cir. 2012). Plaintiff alleges that defendants violated the Equal Protection Clause "because there was no rational basis for applying the [COVID vaccine] mandate to fully remote employees who did not share the same risk profile as in-person employees." Dkt. 25 at ¶ 7.7. The vaccination mandate plaintiff is challenging here required "all state workers at cabinet agencies regardless of their work setting" to "be fully vaccinated against COVID-19 by October 18, 2021, as a condition of employment." Dkt. 25, Ex. 2. While plaintiff may disagree with the decision to require vaccination of *all* state workers at cabinet agencies, including those workers who were moved to remote work during the pandemic, she has not alleged that the mandate she is challenging treated her "differently from similarly situated individuals." *Pimentel*, 670 F.3d at 1106 (9th Cir. 2012). Therefore, she has failed to state an equal protection claim. *Id.*

Even if plaintiff's FAC were to be construed as sufficiently stating and equal protection claim, her FAC appears to invoke rational basis review (*see* Dkt. 25 at ¶ 7.7) and therefore appears to concede that plaintiff is not claiming to be a member of a suspect class and is not

contending that a fundamental right is at issue with regard to her Equal Protection Clause claim. *See Brock v. City of Bellingham*, No. 2:24-CV-850-BJR, 2025 WL 254725, at *13 (W.D. Wash. Jan. 21, 2025), *aff'd sub nom. Michael Brock et al. v. City of Bellingham et al.*, No. 25-1070, 2026 WL 1470574 (9th Cir. May 26, 2026) (where neither a suspect classification nor fundamental right is at issue, an Equal Protection claim is subject to rational basis review). Following the well-reasoned order of Judge Barbara J. Rothstein in *Brock*, this Court finds that even if plaintiff had sufficiently stated an Equal Protection Clause claim, the vaccine mandate at issue in this matter would survive rational basis review. *Id*. Therefore, plaintiff's Equal Protection Clause claim is dismissed with prejudice.[1]

**2. Due Process**

Plaintiff alleges that defendants' actions "violated the Due Process Clause of the Fourteenth Amendment because it deprived Plaintiff of her property interest in her employment despite being a fully remote employee with no contact with the office, other employees, or the public." Dkt. 25 at ¶ 7.8. Plaintiff also argues that her due process rights were violated because

[1] With respect to defendant DSHS, plaintiff's claim is dismissed with prejudice for an additional reason: DSHS is "not a person for the purposes of Section 1983 and cannot be sued for constitutional violations unless it affirmatively waives sovereign immunity." *Seagraves v. Dep't of Child. Youth & Fams.*, No. 3:24-CV-05081-TMC, 2024 WL 4253192, at *2 (W.D. Wash. Sept. 20, 2024). "Since it is clear that no amendment could cure the fact that the State has not waived sovereign immunity," this Court dismisses this and all of plaintiff's other constitutional claims against DSHS with prejudice. *Id*. *See also Gray v. Washington Dep't of Transportation*, No. 23-3278, 2024 WL 5001484, at *2 (9th Cir. Dec. 6, 2024), *cert. denied sub nom. Gray v. Washington State Dep't of Transportation*, 145 S. Ct. 2780, 222 L. Ed. 2d 1076 (2025).

she was not provided "a fair and individualized assessment of whether she posed any actual risk." *Id*. at ¶ 7.14. Plaintiff does not explicitly state whether she is bringing a procedural due process claim, a substantive due process claim, or both. *Id*. at ¶¶ 7.6–7.19. To the extent plaintiff is bringing a procedural due process claim, plaintiff's FAC and the attached exhibits show that she was provided all the process she was due. *Id*. at Ex. B. *See also Michael Brock et al. v. City of Bellingham et al.*, No. 25-1070, 2026 WL 1470574, at *2 (9th Cir. May 26, 2026) ("We have already held that employees received sufficient process related to a vaccine mandate if they received 'notice of the vaccination requirements and of the consequence of termination for failure to comply,' and 'opportunities to be heard for the purpose of religious and medical exemptions.'") (citing *Curtis v. Inslee*, 154 F.4th 678, 693 (9th Cir. 2025)). To the extent plaintiff is bringing a substantive due process claim, she has not articulated a "careful description" of a fundamental right or liberty interest that is implicated. *Curtis*, 154 F.4th at 691 (9th Cir. 2025). *See also* Dkt. 25. If plaintiff is alleging that the deprivation of her property interest in continued employment implicates a fundamental right, she is incorrect. Dkt. 25 at ¶ 7.8. "[T]here is no fundamental right to continued employment in a particular job." *Roberts v. Inslee*, No. 2:23-CV-0295-TOR, 2024 WL 1160895, at *5 (E.D. Wash. Mar. 18, 2024), *aff'd*, No. 24-1949, 2025 WL 3539135 (9th Cir. Dec. 10, 2025) (citing *Massachusetts Bd. Of Ret. v. Murgia*, 427 U.S. 307, 313 (1976)). Therefore, plaintiff's Due Process claim is dismissed with prejudice.[2]

[2] *See supra*, II.C.1 at n.1.

**D. Claim Three: Violation of the Washington Law Against Discrimination, RCW 49.60 (Failure to Accommodate)**

Plaintiff alleges defendants failed to accommodate her sincerely held religious belief. Dkt. 25 at ¶¶ 7.20–7.29. Plaintiff also alleges that her sincerely held religious belief prevented her "compliance with the vaccine mandate." *Id* at ¶ 7.21. Plaintiff alleges that employees at DSHS were "provided Religious Exemption Request Forms" (Dkt. 25 at ¶ 5.8), but that she neither submitted nor filled out a Religious Exemption Request Form because it "contained intimidating and coercive language" (*id.* at ¶¶ 5.9–5.16) and "was designed to force employees into a false certification" (*id*. at ¶ 7.3). *See also id*. at Ex. 12 (State of Washington Religious Exemption Request Forms 1 and 2). Plaintiff alleges she spoke with her direct supervisor "about obtaining a religious exemption" but her FAC does not allege that she specifically asked her supervisor for a religious exemption. *Id*. at ¶ 5.15. Nor does her FAC allege that she told her supervisor what the basis for her religious exemption might be and that her religious beliefs conflicted with the vaccine mandate. *Id*. Thus, while plaintiff's FAC alleges that she held a bona fide religious belief that conflicted with the vaccine mandate, the FAC does not sufficiently allege that plaintiff informed her employer that her bona fide religious belief conflicted with an employment policy. That is an essential element of a failure-to-accommodate claim under the WLAD. *Bartholomew v. Washington*, 693 F. Supp. 3d 1107, 1113 (W.D. Wash. 2023). *See also Ahmann v. Washington State Dep't of Transportation*, No. 2:23-CV-0140-TOR, 2025 WL 790631, at *6 (E.D. Wash. Mar. 12, 2025) ("The Court finds Plaintiff's conversations with [his

supervisors] did not impute the knowledge of Plaintiff's religious conflict with the COVID-19 vaccine to WSDOT.").[3] Therefore, plaintiff's failure-to-accommodate claim is dismissed.

**E. Claim Four: Violation of the First Amendment's Free Exercise Clause**

The First Amendment's Free Exercise Clause provides that "Congress shall make no law . . . prohibiting the free exercise [of religion]." U.S. CONST. amend. I. "In assessing a Free Exercise claim, the Court must first determine what level of scrutiny to apply. Rational basis review applies to neutral laws of general applicability, while strict scrutiny applies to those which are not neutral and/or which are not generally applicable." *Novelozo v. Port of Seattle*, No. C25-111-JNW, 2025 WL 2390433, at *3 (W.D. Wash. Aug. 18, 2025) (citing *Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd. of Educ.*, 82 F.4th 664, 685-86 (9th Cir. 2023)).

Plaintiff alleges that defendants' "coercive exemption process and blanket denial of accommodations placed an unconstitutional burden on Plaintiff's religious exercise" and that defendants' actions "were not the least restrictive means of achieving any compelling interest, making them unconstitutional." Dkt. 25 at ¶¶ 7.30–7.33. By invoking the "compelling interest"

[3] In plaintiff's response to defendants' motion to dismiss, she states that it is "not true" that she "did not discuss her religious beliefs with her supervisor." Dkt. # 32 at 2. But on a motion to dismiss the Court's review is generally limited to the contents of the complaint. *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996). In addition, plaintiff's response does not contend that she informed her employer that her bona fide religious belief conflicted with an employment policy. Dkt. # 32 at 2; *Bartholomew v. Washington*, 693 F. Supp. 3d 1107, 1113 (W.D. Wash. 2023). It simply states that it is "not true" that plaintiff "did not discuss her religious beliefs with her supervisor." *Id*.

and "least restrictive means" tests, plaintiff appears to allege that strict scrutiny of defendants' alleged First Amendment violation is appropriate rather than rational basis review. *Id*. *See also Bacon v. Woodward*, 104 F.4th 744, 750–52 (9th Cir. 2024). But defendant's FAC makes no specific allegations as to whether or not the mandate at issue was a neutral law of general applicability. Dkt. 25 at ¶¶ 7.30–7.33; *Novelozo*, No. C25-111-JNW, 2025 WL 2390433, at *3 (W.D. Wash. Aug. 18, 2025). As discussed *supra* (II.C.1), documents attached to plaintiff's FAC show that the vaccination mandate required "all state workers at cabinet agencies regardless of their work setting" to "be fully vaccinated against COVID-19 by October 18, 2021, as a condition of employment." Dkt. 25, Ex. 2. In the absence of any allegation from plaintiff that the vaccine mandate was not facially or operationally neutral, this sufficiently demonstrates neutrality. *Stormans, Inc. v. Wiesman*, 794 F.3d 1064, 1076 (9th Cir. 2015). Similarly, in the absence of any allegation from plaintiff that the vaccine mandate was not generally applicable, this sufficiently demonstrates general applicability. *See also Pilz v. Inslee*, No. 22-35508, 2023 WL 8866565, at *2 (9th Cir. Dec. 22, 2023) ("The Proclamation is also generally applicable, as it applies to all relevant employees unless they can show that they are legally entitled to an exemption.") (citing *Doe v. San Diego Unif. Sch. Dist.*, 19 F.4th 1173, 1177–78, 1180 (9th Cir. 2021)). Therefore, even assuming—without deciding—that plaintiff has sufficiently stated a free exercise claim, on the facts alleged the vaccine mandate would not be subject to strict scrutiny. *Novelozo*, No. C25-111-JNW, 2025 WL 2390433, at *3–4 (W.D. Wash. Aug. 18, 2025). Rather, the vaccine mandate would be subject to rational basis review, which it satisfies. *Id*. Therefore,

plaintiff's free exercise claim is dismissed. As to defendant DSHS, the claim is dismissed with prejudice.[4]

**F. Claim Five: Violation of the WLAD, RCW 49.60 (Retaliation)**

Plaintiff alleges retaliation in violation of the WLAD. Dkt. 25 at ¶¶ 7.34–7.36. A prima facie retaliation claim is established under the WLAD by showing: "(1) [the employee] engaged in statutorily protected activity; (2) the employer took some adverse employment action against the employee; and (3) there is a causal link between the protected activity and the adverse action." *Lodis v. Corbis Holdings, Inc.*, 172 Wn. App. 835, 846 (2013). Plaintiff's allegations in this claim focus only on *defendants'* alleged activities. Dkt. 25 at ¶¶ 7.34–7.36 ("The employer's exemption process was coercive . . . The exemption form was designed to force employees into a false certification . . . ."). By failing to allege that a protected activity engaged in by *plaintiff* is causally linked to defendants' alleged adverse action(s), plaintiff has failed to allege the required elements of a prima facie retaliation claim under the WLAD. *Lodis*, 172 Wn. App. at 846 (2013). Therefore, plaintiff's retaliation claim shall be dismissed.[5]

**III. Conclusion**

For all the foregoing reasons, defendants' motion to dismiss (Dkt. 29) is GRANTED. As to the claims that are dismissed without prejudice: If plaintiff believes she can, consistent with

[4] *See supra*, II.C.1 at n.1.

[5] Given that the Court has now found all of plaintiff's state law and constitutional claims deficient as a matter of law, it need not—and does not—analyze the qualified immunity issue raised by defendants. Dkt. 29 at 17–19.

her Rule 11 obligations, remedy the deficiencies identified in this Order, she may file a motion for leave to amend that complies with LCR 15 within thirty (30) days of the date of this Order.

IT IS SO ORDERED.

DATED this 17th day of August, 2026.

Robert S. Lasnik
United States District Judge